**Charles D. RILEY, Plaintiff,**

v.

**GULF, MOBILE & OHIO RAILROAD COMPANY, Defendant.**

Civ. A. No. 2615.

United States District Court
S. D. Illinois, S. D.

April 22, 1959.

Edward G. Maag, East St. Louis, Ill., for plaintiff.

Frederick H. Stone, Gillespie, Burke & Gillespie, Springfield, Ill., for defendant.

POOS, District Judge.

This action for personal injuries was commenced in the Circuit Court of Madison County, Illinois, and the defendant removed the cause to the United States District Court for the Southern District of Illinois. The defendant in its verified petition for removal states that the plaintiff is a citizen and resident of the State of Illinois, and the defendant is a citizen of the States of Tennessee, Mississippi and Alabama, by virtue of being a consolidated corporation created and existing under the laws of said States, and none other; that at the time of the commencement of said action, and presently, the suit is between citizens of different States, and that the matter and amount in controversy exceeds the sum of $10,000, exclusive of interests and costs. The petition for removal was accompanied by a removal bond in the form prescribed by law and the petition for removal was allowed as a matter of course.

Thereafter the plaintiff filed his verified motion to remand alleging that the cause was improperly removed by reason of the fact that the defendant is a citizen of the State of Illinois, as the

term is defined in Title 28 U.S.C.A. § 1332(c), alleging also that the defendant has its principal place of business in the State of Illinois, as the term is defined in the aforementioned statute. The plaintiff further states in his petition to remand that the defendant should be put upon strict proof to establish its right to remove this cause and upon its failure to do so the cause should be remanded to the Circuit Court of Madison County. The defendant filed an affidavit in opposition to the motion to remand in which it states that it is a consolidated corporation existing under the laws of the States of Alabama, Mississippi and Tennessee, and that at all times since its organization has maintained its principal office and place of business in the City of Mobile, in the State of Alabama, and not elsewhere.

The affidavit further states the fact to be that prior to May 28, 1947, the defendant operated in the State of Illinois from Cairo to East St. Louis, and on that date acquired by purchase and not by merger or otherwise the operating railroad property of the Alton Railroad from the reorganizing manager of the Alton Railroad Company pursuant to an order entered by the United States District Court for the Northern District of Illinois in connection with a certain bankruptcy proceeding pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.

The affidavit filed by the defendant further states that since May 28, 1947 it has operated its trains upon the tracks acquired from the Alton Railroad Company in the States of Illinois and Missouri in conjunction with the operation of its entire system and that it did not prior to the acquisition of the property of the Alton Railroad Company, nor has it since, maintained its executive offices or its principal place of business any place other than the City of Mobile in the State of Alabama.

Prior to the acquisition of the Alton Railroad Company property, the defendant operated its railroad through a network of lines in Louisiana, Mississippi, Alabama, Tennessee, and in Illinois from Cairo to East St. Louis. By the acquisition of the Alton Railroad Company property the defendant operated a direct line from St. Louis, Missouri to Chicago, Illinois, a distance of approximately 300 miles together with branch lines from the main line between St. Louis, Missouri and Chicago, Illinois. The defendant also operated through the acquisition of the Alton Railroad Company property a line extending from Kansas City, Missouri into the State of Illinois junctioning with its main line from St. Louis, Missouri to Chicago, Illinois.

By the acquisition of the Alton Railroad Company property the defendant railroad now has a main line from the Gulf of Mexico to the City of Chicago, Illinois, with branch lines extending therefrom. The plaintiff urges that notwithstanding the fact that the defendant has at all times maintained its executive offices and principal place of business in the City of Mobile, Alabama, that the amount of trackage and business conducted by the defendant within the State of Illinois should be determinative of the motion to remand and that the fact that the defendant may have as much trackage and business operations in the State of Illinois as it does in Alabama or elsewhere precludes this Court from exercising jurisdiction. The contention of the plaintiff is that the defendant has its principal place of business within the State of Illinois because principal interstate operations of defendant are carried on within the State of Illinois, relying upon the Amendment to Title 28, Section 1332(c) of the United States District Code, as amended by an Act of Congress approved July 25, 1958, which provides: " * * * for the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." With this contention the Court cannot agree.

 The underlying purpose of diversity of citizenship legislation which had its origin in the beginning of the Federal Judicial System is to provide a separate forum for out-of-state citizens,

and to give them the benefits and safeguards of the Federal Courts against the prejudices of local courts and local juries. However, this gave use to an evil which permitted local institutions engaged in a local business which in many cases are locally owned to select their forum and thereby place their litigation into Federal Courts simply because they had obtained a corporate charter from another state. It is generally recognized that a corporation may be entirely local in character through the maintenance of its executive offices and principal places of business and the conduct of the majority of its business locally, but yet be a citizen of a foreign state by virtue of its incorporation in such state to obtain corporate or tax benefits not available in the state wherein the business is principally conducted. It was the intention of Congress in its enactment of the foregoing amendment to the United States Judicial Code to remedy the evil whereby local corporations were permitted the free access of the Federal Courts simply because they were doing local business with a foreign charter. Congress did not intend to deny the use of the Federal Courts to corporations such as railroads and insurance companies which do a business over a large number of states and whose business is not localized in a particular state. Such a corporation is a citizen of the State in which it is incorporated and of the State in which is located its principal place of business.

The Court finds the fact to be that the defendant, Gulf, Mobile & Ohio Railroad Company, is engaged in the business of interstate railroad operations in the States extending from the Gulf of Mexico to the City of Chicago, Illinois; that it is a consolidated corporation existing under the laws of the States of Alabama, Mississippi, and Tennessee, and that it has its principal place of business in the City of Mobile, Alabama, where its executive offices are located and from which its operations are directed.

The motion to remand is denied.